

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-91,952-01**

**EX PARTE FRANCES LEE BULLOCK, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. DC-F201800013-A IN THE 249TH DISTRICT COURT
FROM JOHNSON COUNTY**

*Per curiam.*

**ORDER**

In counts one, three, and four, Applicant was convicted of aggravated sexual assault of a child under fourteen and sentenced to imprisonment for twenty-five years on each count. In count five, he was convicted of indecency with a child by sexual contact and sentenced to imprisonment for ten years. The Tenth Court of Appeals affirmed his convictions. *Bullock v. State*, 10-19-00031-CR (Tex. App.—Waco, Jan. 8, 2020) (not designated for publication). Applicant was also sentenced to ten years probation for indecency with a child by exposure in counts seven and eight. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his conviction in count five is a lesser-included offense of his conviction in count one, and is barred by double jeopardy. He also contends that trial counsel failed to object on double jeopardy grounds. After remand, the trial court concluded that count five was not a lesser-included offense of count one, and that counsel was not ineffective for failing to object that a conviction for both counts one and five violated the Double Jeopardy Clause.

We agree. After a review of the record, we find that Applicant's claims are without merit. Therefore, we deny relief.

We do not have jurisdiction to review the legality of his convictions and sentences in counts seven and eight, as these are probated sentences and are not final felony convictions. *Ex parte Renier*, 734 S.W.2d 349, 351 (Tex. Crim. App. 1987). Therefore, Applicant's grounds challenging those counts are dismissed.

Delivered: April 14, 2021

Do not publish